UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

IRA M.-P.,                                                          Case No. 6:25-cv-00046-AR

                          Plaintiff,                               OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                          Defendant.

_____

**ARMISTEAD, United States Magistrate Judge**

        Plaintiff Ira M.-P. seeks judicial review of the Commissioner's final decision denying

Social Security disability benefits. Plaintiff (1) challenges the ALJ's finding as unpersuasive

opinions about his limitations from Lauren Bell, a physician's assistant; and (2) contends that the

ALJ's discounting of his subjective symptom testimony lacked clear and convincing reasons.

(Pl.'s Br. at 2-10, ECF 11.) The district court must affirm the Commissioner's decision if the

Commissioner applied proper legal standards and the findings are supported by substantial

evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**(1)**     ***Lauren Bell.*** Lauren Bell, a physician's assistant, provided an opinion about plaintiff's physical impairments. In her 2021 opinion, Bell opined that plaintiff's lumbar disc disorder and foraminal stenosis of the lumbar region caused limitations severe enough to "often" interfere with the attention and concentration required to perform simple, work-related tasks; plaintiff could sit for two hours, stand or walk for three hours, and would need to recline or lie down more than the typical breaks offered during a full eight-hour workday; and plaintiff would be absent four or more days per month and would need to take daily unscheduled one-hour breaks. (Tr. 596-97.)

The ALJ was not persuaded, finding that Bell's opinion lacked citations to the record or explanation and was inconsistent with other medical opinions, including those revealing significant childcare and other activities of daily living. (Tr. 23.) Plaintiff challenges that finding, contending that it fails on supportability or consistency with the record. (Pl.'s Br. at 4-6); 20 C.F.R. § 404.1520c (the regulations require ALJs to evaluate the supportability and consistency of a medical opinion when assessing its persuasiveness); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors") (quoting 20 C.F.R. § 404.1520c(b)(2)). The court disagrees with plaintiff.

To start, the ALJ determined that Bell's opinion did not cite to the record to support her conclusions or explain how plaintiff's impairments would limit his ability to sit, walk, and stand. (Tr. 23.) Although plaintiff argues that Bell's opinion was consistent with the entirety of the

record (Pl.'s Br. at 4), "[a] physician's opinion can be discredited based on contradictions between the opinion and the physician's own notes." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). The ALJ's findings are supported by substantial evidence here. (Tr. 23; *see also* Tr. 499, 415, 501, 506, (treatment notes showing that plaintiff reported his pain as a one out of ten to Bell, that on examination plaintiff's gait was "steady[,]" as well as other providers noting that "[h]e does not have any red flag symptoms or exam findings today that would require any further emergent evaluation or treatment). Thus, the ALJ's conclusion that Bell's opinion was unsupported by her own notes that document normal gait and strength, low pain levels, improved pain levels with medication, and failed to include Bell's own objective evaluations regarding plaintiff's limitations is a reasonable interpretation of the record and an appropriate basis on which to find it unpersuasive. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (quoting *Ford*, 950 F.3d at 1154) ("'The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'").

The ALJ also found Bell's opinion unpersuasive because it was inconsistent with the medical opinion from Nurse Practitioner Kooienga. The ALJ observed that "[t]here is also no explanation for the lack of manipulative limitations in light of [plaintiff]'s carpel tunnel syndrome and the exam findings of NP Kooienga." (Tr. 23.) Plaintiff argues that Bell was not opining on carpal tunnel and instead was focused on plaintiff's lumbar disc disorder and foraminal stenosis. (Pl.'s Br. at 5.) Even so, the ALJ's finding is supported by substantial evidence in the record—NP Kooienga listed carpal tunnel as an impairment that causes a tremor in both of plaintiff's hands, which was not mentioned or observed by Bell. (Tr. 791, 794.) And

Page 3 – OPINION AND ORDER
*Ira M.-P. v. Comm'r Soc. Sec. Admin.*, 6:25-cv-00046-AR

the ALJ determined that Bell's severe limitations were inconsistent with NP Kooienga's opinion, which remarked on plaintiff's ability to perform many daily activities, such as laundry, cooking, sweeping, vacuuming, driving, shopping, and grooming without issue. (Tr. 23, citing Tr. 790.) Even if the record could support plaintiff's view of the evidence, the ALJ was entitled to rely on those inconsistencies in the decision; the ALJ's interpretation is reasonable and backed by substantial evidence. *Stiffler*, 102 F.4th at 1107 (holding ALJ reasonably determined physician's opinion was inconsistent with other opinions and significant daily activities described in treatment records). The ALJ did not err.

**(2)**     ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons for discounting his subjective symptom testimony. (Pl.'s Br. at 6-10); *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony); 20 C.F.R. § 404.1529. According to plaintiff, the ALJ's grounds for discounting his symptom testimony—inconsistencies with the medical evidence and activities of daily living—were unsupported or failed to consider the entire record. (Pl.'s Br. at 6-10.) The court disagrees.

Regarding the medical evidence, plaintiff asserts that the ALJ failed to identify the testimony she found not credible and link that testimony to particular parts of the record. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). According to plaintiff, the "ALJ summarized the medical record to justify her residual functional capacity finding." (Pl.'s Br. at 9.) Not so. As

argued by the Commissioner, the ALJ identified specific evidence in the record and linked it to specific portions of plaintiffs' testimony.

For example, the ALJ observed that, despite plaintiff's testimony regarding his symptoms caused by carpal tunnel, namely some "numbness in his left small [and] ring finger[,]" he failed to attend his follow up appointments and the "treatment record show[ed] functional improvement following bilateral release surgery." (Tr. 21-22, citing Tr. 653.) The ALJ also acknowledged plaintiff's testimony that his back locks up, is painful, and that sitting or standing too long strains his back. (Tr. 20, citing Tr. 275-82, 308-19.) Even so, it was noted by the ALJ that plaintiff's main course of treatment for that impairment was physical therapy and medication, that he had been denied spinal surgery by two different providers because there was "no need" based on MRI results, and that physical therapy notes showed that his issues are "mostly muscular[,]" but that disc involvement could not be ruled out. (Tr. 21, citing Tr. 491, 836, 950.) Based on those inconsistencies, the ALJ reasonably discounted his subjective symptom testimony. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.").

Plaintiff argues that the ALJ erred in relying on his activities of daily living, contending that his hearing testimony described what he can do only on a good day, and that ALJ failed to identify specific evidence undermining it. (Pl.'s Br. at 9-10.) The court disagrees. In the decision, the ALJ discussed specific testimony and identified record evidence undermining that testimony. For example, the ALJ described that plaintiff is homeschooling his children, that "involves teaching his youngest to read and teaching math and history lessons to the older children" and

Page 5 – OPINION AND ORDER
*Ira M.-P. v. Comm'r Soc. Sec. Admin.*, 6:25-cv-00046-AR

that he is solely "responsible for the household including meal preparation and cleaning." (Tr. 22.) Although plaintiff testified that the older children help with tasks, the ALJ found his reports to "providers demonstrate greater functioning capacity" than he alleged, detailing several inconsistencies. (Tr. 22 citing Tr. 449 (plaintiff reported he was "still fishing most days"), 875-76 (plaintiff's back pain was due to "pushing himself too hard" and working in the yard); 44 (plaintiff describing how he homeschools his children for four hours in a typical day), 277-78 (plaintiff prepares several course meals daily and is responsible for many in-home chores).) The ALJ's findings are supported by substantial evidence and the ALJ reasonably could conclude that his ADLs suggest a greater physical capacity than alleged by plaintiff. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [a claimant's] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant to the extent that they contradict claims of a totally debilitating impairment."); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility). The ALJ did not err in discounting plaintiff's subjective symptom testimony.

## CONCLUSION

For the above reasons, the court AFFIRMS the Commissioner's final decision and this action is DISMISSED.

ORDERED: March 31, 2026.

_____
JEFF ARMISTEAD
United States Magistrate Judge

Page 6 – OPINION AND ORDER
*Ira M.-P. v. Comm'r Soc. Sec. Admin.*, 6:25-cv-00046-AR